UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------

ROSEMARY YOBOBY,

                       Plaintiff,

          -against-

1420 FOOD LLC d/b/a SUPER FOODTOWN and
UDC-COMMERCIAL CENTER, INC.,

                    Defendants.
---------------------------------------------------------------------

**Index No.:** 1:24-cv-06120-NRM-JRC

**ANSWER WITH CROSS-CLAIMS**

       Defendant, UDC-COMMERCIAL CENTER, INC. ("Defendant"), by its attorneys, KAUFMAN DOLOWICH LLP, set forth the following as and for their Answer to Plaintiff's Complaint ("Complaint"):

**AS AND FOR AN ANSWER TO THE SECTION TITLED
"NATURE OF THE CLAIMS"**

       1.     Defendant neither admits nor denies the allegations set forth in Paragraph "1" of the Complaint; rather Defendant respectfully refers the Court to said statutory provisions referenced therein.

       2.     Defendant denies the allegations set forth in Paragraph "2" of the Complaint.

**AS AND FOR AN ANSWER TO THE SECTION TITLED
"JURISDICTION AND VENUE"**

       3.     Defendant neither admits nor denies the allegations set forth in Paragraph "3" of the Complaint, as they consist of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations therein.

       4.     Defendant neither admits not denies the allegations set forth in Paragraph "4" of the Complaint, as they consist of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations therein.

## AS AND FOR AN ANSWER TO THE SECTION TITLED
## "PARTIES"

5.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "5" of the Complaint.

6.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "6" of the Complaint.

7.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "7" of the Complaint.

8.      Defendant denies the allegations set forth in Paragraph "8" of the Complaint.

9.      Defendant admits that it is licensed to and/or does business in New York as set forth in Paragraph "9" of the Complaint.

10.     Defendant denies the allegations set forth in Paragraph "10" of the Complaint.

## AS AND FOR AN ANSWER TO THE SECTION TITLED
## "ALLEGATIONS COMMON TO ALL CAUSES OF ACTION"

11.     Defendant neither admits nor denies the allegations set forth in Paragraph "11" of the Complaint, as they consist of legal conclusions to which no response is required. Defendant respectfully refers the Court to the statute or statutes referenced therein for its contents.

12.     Defendant neither admits nor denies the allegations set forth in Paragraph "12" of the Complaint, as they consist of legal conclusions to which no response is required. Defendant respectfully refers the Court to the statute or statutes referenced therein for its contents.

13.     Defendant denies the allegations set forth in Paragraph "13" of the Complaint.

14.     Defendant neither admits nor denies the allegations set forth in Paragraph "14" of the Complaint, as they consist of legal conclusions to which no response is required.

15.     Defendant neither admits nor denies the allegations set forth in Paragraph "15" of the Complaint, as they consist of legal conclusions to which no response is required.

16.     Defendant neither admits nor denies the allegations set forth in Paragraph "16" of the Complaint, as they consist of legal conclusions to which no response is required.

17.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "17" of the Complaint.

18.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "18" of the Complaint.

19.     Defendant denies the allegations set forth in Paragraph "19" of the Complaint.

20.     Defendant denies the allegations set forth in Paragraph "20" of the Complaint.

21.     Defendant denies the allegations set forth in Paragraph "21" of the Complaint.

22.     Defendant denies the allegations set forth in Paragraph "22" of the Complaint.

23.     Defendant denies the allegations set forth in Paragraph "23" of the Complaint.

24.     Defendant denies the allegations set forth in Paragraph "24" of the Complaint.

25.     Defendant denies the allegations set forth in Paragraph "25" of the Complaint.

26.     Defendant denies the allegations set forth in Paragraph "26" of the Complaint.

27.     Defendant denies the allegations set forth in Paragraph "27" of the Complaint.

28.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "28" of the Complaint.

29.     Defendant denies the allegations set forth in Paragraph "29" of the Complaint. Defendant respectfully refers the Court to the statute or statutes referenced therein for its contents.

30.     Defendant denies the allegations set forth in Paragraph "30" of the Complaint. To the extent the allegations set forth in Paragraph "30" of the Complaint consist of legal conclusions, no response is required.

31.     Defendant denies the allegations set forth in Paragraph "31" of the Complaint. To the extent the allegations set forth in Paragraph "31" of the Complaint consist of legal conclusions, no response is required.

32.     Defendant denies the allegations set forth in Paragraph "32" of the Complaint. Defendant respectfully refers the Court to the statute or statutes referenced therein for its contents.

33.     Defendant denies the allegations set forth in Paragraph "33" of the Complaint.

34.     Defendant denies the allegations set forth in Paragraph "34" of the Complaint.

35.     Defendant denies the allegations set forth in Paragraph "35" of the Complaint.

36.     Defendant denies the allegations set forth in Paragraph "36" of the Complaint.

37.     Defendant denies the allegations set forth in Paragraph "37" of the Complaint.

38.     Defendant denies the allegations set forth in Paragraph "38" of the Complaint. To the extent the allegations set forth in Paragraph "38" of the Complaint consist of legal conclusions, no response is required.

39.     Defendant denies the allegations set forth in Paragraph "39" of the Complaint.

40.     Defendant denies the allegations set forth in Paragraph "40" of the Complaint.

**AS AND FOR AN ANSWER TO THE FIRST CAUSE OF ACTION
(VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT)**

41.     Defendant, in response to Paragraph "41" of the Complaint, repeats and realleges each and every answer set forth in Paragraphs "1" through "40" of this Answer as though fully set forth herein.

42.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "42" of the Complaint. To the extent the allegations set forth in Paragraph "42" of the Complaint consist of legal conclusions, no response is required.

43.     Defendant neither admits nor denies the allegations set forth in Paragraph "43" of the Complaint, as they consist of legal conclusions to which no response is required. Defendant respectfully refers the Court to the statute or statutes referenced therein for its contents.

44.     Defendant denies the allegations set forth in Paragraph "44" of the Complaint. To the extent the allegations set forth in Paragraph "44" of the Complaint consist of legal conclusions, no response is required. Defendant respectfully refers the Court to the statute or statutes referenced therein for its contents.

45.     Defendant denies the allegations set forth in Paragraph "45" of the Complaint. To the extent the allegations set forth in Paragraph "45" of the Complaint consist of legal conclusions, no response is required.

46.     Defendant denies the allegations set forth in Paragraph "46" of the Complaint.

47.     Defendant denies the allegations set forth in Paragraph "47" of the Complaint. Defendant respectfully refers the Court to the statute or statutes referenced therein for its contents.

48.     Defendant denies the allegations set forth in Paragraph "48" of the Complaint. Defendant respectfully refers the Court to the statute or statutes referenced therein for its contents.

49.     Defendant denies the allegations set forth in Paragraph "49" of the Complaint. Defendant respectfully refers the Court to the statute or statutes referenced therein for its contents.

50.     Defendant denies the allegations set forth in Paragraph "50" of the Complaint. Defendant respectfully refers the Court to the statute or statutes referenced therein for its contents.

51.     Defendant neither admits nor denies the allegations set forth in Paragraph "51" of the Complaint, as they consist of legal conclusions to which no response is required. Defendant respectfully refers the Court to the statute or statutes referenced therein for its contents.

52.     Defendant denies the allegations set forth in Paragraph "52" of the Complaint. Defendant respectfully refers the Court to the statute or statutes referenced therein for its contents.

53.     Defendant denies the allegations set forth in Paragraph "53" of the Complaint. Defendant respectfully refers the Court to the statute or statutes referenced therein for its contents.

54.     Defendant denies the allegations set forth in Paragraph "54" of the Complaint. Defendant respectfully refers the Court to the statute or statutes referenced therein for its contents.

55.     Defendant denies the allegations set forth in Paragraph "55" of the Complaint. To the extent the allegations set forth in Paragraph "55" of the Complaint consist of legal conclusions, no response is required. Defendant respectfully refers the Court to the statute or statutes referenced therein for its contents.

56.     Defendant denies the allegations set forth in Paragraph "56" of the Complaint. To the extent the allegations set forth in Paragraph "56" of the Complaint consist of legal conclusions, no response is required.

**AS AND FOR AN ANSWER TO THE SECOND CAUSE OF ACTION**
**(VIOLATIONS OF THE NEW YORK STATE EXECUTIVE LAW)**

57.     Defendant, in response to Paragraph "57" of the Complaint, repeats and realleges each and every answer set forth in Paragraphs "1" through "56" of this Answer as though fully set forth herein.

58.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "58" of the Complaint. Defendant respectfully refers the Court to the statute or statutes referenced therein for its contents.

59.     Defendant denies the allegations set forth in Paragraph "59" of the Complaint.

60.     Defendant denies the allegations set forth in Paragraph "60" of the Complaint. To the extent the allegations set forth in Paragraph "60" of the Complaint consist of legal conclusions, no response is required. Defendant respectfully refers the Court to the statute or statutes referenced therein for its contents.

61.     Defendant denies the allegations set forth in Paragraph "61" of the Complaint. To the extent the allegations set forth in Paragraph "61" of the Complaint consist of legal conclusions, no response is required. Defendant respectfully refers the Court to the statute or statutes referenced therein for its contents.

62.     Defendant denies the allegations set forth in Paragraph "62" of the Complaint. To the extent the allegations set forth in Paragraph "62" of the Complaint consist of legal conclusions, no response is required. Defendant respectfully refers the Court to the statute or statutes referenced therein for its contents.

63.     Defendant denies the allegations set forth in Paragraph "63" of the Complaint.

64.     Defendant denies the allegations set forth in Paragraph "64" of the Complaint.

65.     Defendant denies the allegations set forth in Paragraph "65" of the Complaint.

66.     Defendant denies the allegations set forth in Paragraph "66" of the Complaint.

## AS AND FOR AN ANSWER TO THE THIRD CAUSE OF ACTION
## (VIOLATIONS OF THE ADMINISTRATIVE CODE OF THE CITY OF NEW YORK)

67.     Defendant, in response to Paragraph "67" of the Complaint, repeats and realleges each and every answer set forth in Paragraphs "1" through "66" of this Answer as though fully set forth herein.

68.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "68" of the Complaint. Defendant respectfully refers the Court to the statute or statutes referenced therein for its contents.

69.    Defendant neither admits nor denies the allegations set forth in Paragraph "69" of the Complaint, as they consist of legal conclusions to which no response is required. Defendant respectfully refers the Court to the statute or statutes referenced therein for its contents.

70.    Defendant denies the allegations set forth in Paragraph "70" of the Complaint. To the extent the allegations set forth in Paragraph "70" of the Complaint consist of legal conclusions, no response is required. Defendant respectfully refers the Court to the statute or statutes referenced therein for its contents.

71.    Defendant denies the allegations set forth in Paragraph "71" of the Complaint. To the extent the allegations set forth in Paragraph "71" of the Complaint consist of legal conclusions, no response is required. Defendant respectfully refers the Court to the statute or statutes referenced therein for its contents.

72.    Defendant denies the allegations set forth in Paragraph "72" of the Complaint. To the extent the allegations set forth in Paragraph "72" of the Complaint consist of legal conclusions, no response is required. Defendant respectfully refers the Court to the statute or statutes referenced therein for its contents.

73.    Defendant denies the allegations set forth in Paragraph "73" of the Complaint. To the extent the allegations set forth in Paragraph "73" of the Complaint consist of legal conclusions, no response is required. Defendant respectfully refers the Court to the statute or statutes referenced therein for its contents.

74.    Defendant denies the allegations set forth in Paragraph "74" of the Complaint.

75.     Defendant denies the allegations set forth in Paragraph "75" of the Complaint.

76.     Defendant denies the allegations set forth in Paragraph "76" of the Complaint.

77.     Defendant denies the allegations set forth in Paragraph "77" of the Complaint.

78.     Defendant denies the allegations set forth in Paragraph "78" of the Complaint.

79.     Defendant denies the allegations set forth in Paragraph "79" of the Complaint.

**AS AND FOR AN ANSWER TO THE FOURTH CAUSE OF ACTION
(VIOLATIONS OF THE NEW YORK STATE CIVIL RIGHTS LAW)**

80.     Defendant, in response to Paragraph "80" of the Complaint, repeats and realleges each and every answer set forth in Paragraphs "1" through "79" of this Answer as though fully set forth herein.

81.     Defendant denies the allegations set forth in Paragraph "81" of the Complaint.

82.     Defendant denies the allegations set forth in Paragraph "82" of the Complaint..

**AS AND FOR AN ANSWER TO THE SECTION TITLED
"INJUNCTIVE RELIEF"**

83.     Defendant denies that Plaintiff is entitled to the relief requested in Paragraph "83" of the Complaint.

84.     Defendant denies that Plaintiff is entitled to the relief requested in Paragraph "84" of the Complaint.

85.     Defendant denies that Plaintiff is entitled to the relief requested in Paragraph "85" of the Complaint.

**AS AND FOR AN ANSWER TO THE SECTION TITLED
"DECLARATORY RELIEF"**

86.     Defendant denies that Plaintiff is entitled to the relief requested in Paragraph "86" of the Complaint.

## AS AND FOR AN ANSWER TO THE SECTION TITLED
## "ATTORNEY'S FEES, EXPENSES AND COSTS"

87.    Defendant denies that Plaintiff is entitled to the relief requested in Paragraph "87" of the Complaint.

## AS AND FOR AN ANSWER TO THE SECTION TITLED
## "PRAYER FOR RELIEF"

88.    Defendant denies that Plaintiff is entitled to the relief requested in the section of the Complaint titled "Prayer for Relief."

## STATEMENT OF AFFIRMATIVE DEFENSES

89.    Defendant reserves the right to plead additional separate and affirmative defenses, which may be ascertained during the course of discovery in this action or other. Defendant asserts the following affirmative and other defenses without assuming any burden of production or proof that it would not otherwise have.

## AS AND FOR DEFENDANT'S FIRST AFFIRMATIVE DEFENSE

90.    Each cause of action asserted against Defendant fails to state a claim upon which relief can be granted.

## AS AND FOR DEFENDANT'S SECOND AFFIRMATIVE DEFENSE

91.    Plaintiff's claims are barred or limited, in whole or in part, by the doctrines of waiver, unclean hands, laches and/or estoppel.

## AS AND FOR DEFENDANT'S THIRD AFFIRMATIVE DEFENSE

92.    Plaintiff's ability to recover damages is barred or limited, in whole or in part, by Defendant's good faith efforts to comply with all applicable laws, rules, and regulations.

### AS AND FOR DEFENDANT'S FOURTH AFFIRMATIVE DEFENSE

93.     The relief, in whole or in part, sought by the Complaint would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or constitute an undue burden to Defendant (42 U.S.C. § 12182(b)(2)(A)(iii)).

### AS AND FOR DEFENDANT'S FIFTH AFFIRMATIVE DEFENSE

94.     The relief, in whole or in part, sought in the Complaint is not readily achievable by Defendant (42 U.S.C. § 12182(b)(2)(A)(iv)).

### AS AND FOR DEFENDANT'S SIXTH AFFIRMATIVE DEFENSE

95.     The relief, in whole or in part, sought in the Complaint is not readily achievable by Defendant (42 U.S.C. § 12182(b)(2)(A)(v)).

### AS AND FOR DEFENDANT'S SEVENTH AFFIRMATIVE DEFENSE

96.     Defendant denies that any loss, damage, or injury of any kind or character, of any sum or amount has been suffered by Plaintiff by reason of acts, omissions, carelessness, negligence, or intentional conduct on the part of Defendant, or on the part of any of Defendant's agents, servants, employees, or any other person or persons acting or purporting to act on their behalf, or on behalf of any of them.

### AS AND FOR DEFENDANT'S EIGHTH AFFIRMATIVE DEFENSE

97.     Plaintiff's claim is barred, in whole or in part, by lack of standing.

### AS AND FOR DEFENDANT'S NINTH AFFIRMATIVE DEFENSE

98.     Plaintiff's claim is barred to the extent discovery shows the relief sought by Plaintiff, in whole or in part, would fundamentally alter the nature of the goods, services, facilities, privileges, advantages, and accommodations being offered by Defendant.

**AS AND FOR DEFENDANT'S TENTH AFFIRMATIVE DEFENSE**

99.     Plaintiff's claim is barred to the extent discovery shows the relief sought by the Complaint, in whole or in part, would require disproportionate cost.

**AS AND FOR DEFENDANT'S ELEVENTH AFFIRMATIVE DEFENSE**

100.    If Plaintiff has been damaged as alleged in his Complaint, such damages were caused, in whole or in part, or were contributed to by reason of the carelessness, negligence, or want of care on the part of some other party or persons, firm or corporation, his, its, or their agents, servants or employees over whom Defendant had no control and for whose carelessness, negligence or want of care are not responsible or liable.

**AS AND FOR DEFENDANT'S TWELFTH AFFIRMATIVE DEFENSE**

101.    The claims stated are barred or limited, in whole or in part, by the applicable statute of limitations and/or governing administrative time limitations.

**AS AND FOR DEFENDANT'S THIRTEENTH AFFIRMATIVE DEFENSE**

102.    Plaintiff's claims are barred or limited, in whole or in part, because Plaintiff has failed to exercise reasonable diligence to mitigate her damages, if any damages were in fact suffered.

**AS AND FOR DEFENDANT'S FOURTEENTH AFFIRMATIVE DEFENSE**

103.    Supplemental or pendant jurisdiction should not be exercised over Plaintiff's New York State Human Rights Law and New York City Human Rights Law claims.

**AS AND FOR DEFENDANT'S FIFTEENTH AFFIRMATIVE DEFENSE**

104.    To the extent that there are any architectural barriers to access at Defendant's property, which is expressly denied, the removal of such barriers would not be technically feasible.

**AS AND FOR DEFENDANT'S SIXTEENTH AFFIRMATIVE DEFENSE**

105.    To the extent that there are any architectural barriers to access at Defendant's property, which is expressly denied, the removal of such barriers would constitute an undue burden and/or hardship for Defendant.

**AS AND FOR DEFENDANT'S SEVENTEENTH AFFIRMATIVE DEFENSE**

106.    The nature of the premises in question makes it impossible to comply with all of the alteration standards, and, therefore, features must only be made accessible to the extent that it is technically feasible to do so.

**AS AND FOR DEFENDANT'S EIGHTEENTH AFFIRMATIVE DEFENSE**

107.    To the extent that Defendant neither owns nor has control over any areas to which the Plaintiff seeks alterations and/or modifications, Defendant is not required to make any such alterations and/or modifications with respect to such areas.

**AS AND FOR DEFENDANT'S NINETEENTH AFFIRMATIVE DEFENSE**

108.    Plaintiff failed to provide Defendant with notice of any alleged violations and an adequate opportunity to cure any such alleged violations prior to instituting this suit, and without attempting to resolve the alleged issues through alternative means of dispute resolution, as encouraged by Congress in 42 U.S.C. § 12212, and as such Plaintiff cannot recovery attorneys' fees and costs.

**AS AND FOR DEFENDANT'S TWENTIETH AFFIRMATIVE DEFENSE**

109.    Some or all of the structural modifications sought by Plaintiff are not mandated or required by applicable laws, regulations and/or ordinances.

**AS AND FOR DEFENDANT'S TWENTY-FIRST AFFIRMATIVE DEFENSE**

110.    As a matter of law, Plaintiff is not entitled to recover compensatory or punitive damages for some or all of the claims asserted in the Complaint.

**AS AND FOR DEFENDANT'S TWENTY-SECOND AFFIRMATIVE DEFENSE**

111.    Plaintiff's claims for damages alleged in the Complaint are limited by Defendant's good faith reliance upon reasonable interpretations of New York State and New York City by local building authorities and issuance of appropriate building permits and Certificates of Occupancy for the property at issue.

**AS AND FOR DEFENDANT'S TWENTY-THIRD AFFIRMATIVE DEFENSE**

112.    Plaintiff's Complaint and all purported claims for relief alleged in Plaintiff's Complaint are barred to the extent that the alleged violations of law are excusable, exempted, or justified under the statues under which Plaintiff has sued.

**AS AND FOR DEFENDANT'S TWENTY-FOURTH AFFIRMATIVE DEFENSE**

113.    Plaintiff's claims are barred because the claimed violations are *de minimis* and nonactionable because they do not materially impair Plaintiff's use of an area for an intended purpose.

**AS AND FOR DEFENDANT'S TWENTY-FIFTH AFFIRMATIVE DEFENSE**

114.    Defendant is not legally responsible for repairing or altering some or all of the premises in question.

**AS AND FOR DEFENDANT'S TWENTY-SIXTH AFFIRMATIVE DEFENSE**

115.    Plaintiff's alleged damages, if any, were caused in whole or in part, by her own acts or omissions, and as a result her claims are barred or limited by the doctrines of comparative or contributory negligence and/or the doctrine of avoidable consequences.

14

**<u>AS AND FOR DEFENDANT'S TWENTY-SEVENTH AFFIRMATIVE DEFENSE</u>**

116.    Plaintiff's claims are barred, in whole or in part, due to the exercise of reasonable care to prevent and promptly correct any instances of alleged discrimination or asserted barriers to accessibility by the premises' owner and/or lessee.

**<u>AS AND FOR DEFENDANT'S TWENTY-EIGHTH AFFIRMATIVE DEFENSE</u>**

117.    Readily accessible routes are provided to and within the subject premises and each of its leased premises which are the subject of the Complaint.

**<u>AS AND FOR DEFENDANT'S TWENTY-NINTH AFFIRMATIVE DEFENSE</u>**

118.    Any departures from the ADA Accessibility Guidelines are permitted by law insofar as any alternate designs to the subject properties provide substantially equivalent or greater access to and usability of the properties and goods.

**<u>AS AND FOR DEFENDANT'S THIRTIETH AFFIRMATIVE DEFENSE</u>**

119.    Full compliance with any alterations that are allegedly required would be technically infeasible.

**<u>AS AND FOR DEFENDANT'S THIRTY-FIRST AFFIRMATIVE DEFENSE</u>**

120.    There are no barriers in access to use or enjoyment of the subject premises and/or goods, services, programs, facilities, privileges, advantages, and accommodations provided therein.

**<u>AS AND FOR DEFENDANT'S THIRTY-SECOND AFFIRMATIVE DEFENSE</u>**

121.    Plaintiff is not entitled to recover punitive damages because Defendant did not engage in any actionable conduct with malice or reckless indifference to Plaintiff's rights.

**AS AND FOR DEFENDANT'S THIRTY-THIRD AFFIRMATIVE DEFENSE**

122.    Plaintiff has not experienced or been damaged by any form of discrimination or actionable conduct by Defendant.

**AS AND FOR DEFENDANT'S THIRTY-FOURTH AFFIRMATIVE DEFENSE**

123.    Plaintiff has not experienced or been subject to any barriers to the access, use or full enjoyment of the goods, services, facilities, privileges, advantages, or accommodations available at the subject premises as a result of any acts or omissions of Defendant.

**AS AND FOR DEFENDANT'S THIRTY-FIFTH AFFIRMATIVE DEFENSE**

124.    Plaintiff is and was not a *bona fide* patron to the subject premises.

**AS AND FOR DEFENDANT'S THIRTY-SIXTH AFFIRMATIVE DEFENSE**

125.    Awarding punitive damages against Defendant would violate the United States Constitution and the New York State Constitution.

**AS AND FOR DEFENDANT'S THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

126.    The Complaint is barred, in whole or in part, to the extent that such claims have been released, waived, discharged, and/or abandoned.

**AS AND FOR DEFENDANT'S THIRTY-EIGHTH AFFIRMATIVE DEFENSE**

127.    Plaintiff failed to satisfy a condition precedent.

**AS AND FOR DEFENDANT'S THIRTY-NINTH AFFIRMATIVE DEFENSE**

128.    To the extent that Plaintiff seeks any injunctive relief, such relief must be denied because the allegations in the Complaint are moot.

**AS AND FOR DEFENDANT'S FORTIETH AFFIRMATIVE DEFENSE**

129.    Plaintiff is not entitled to any injunctive relief because she cannot establish a real and immediate threat of harm.

## AS AND FOR DEFENDANT'S FORTY-FIRST AFFIRMATIVE DEFENSE

130.    Plaintiff's claims are barred, in whole or in part, due to the direct threat to safety that would be created if some or all of the accommodations requested by Plaintiff were to be implemented.

## AS AND FOR DEFENDANT'S FORTY-SECOND AFFIRMATIVE DEFENSE

131.    Defendant is restricted from implementing some or all of the accommodations sought by Plaintiff by applicable laws, regulations, and/or ordinances.

## AS AND FOR DEFENDANT'S FORTY-THIRD AFFIRMATIVE DEFENSE

132.    Defendant is not liable to Plaintiff for any alleged discrimination under the Americans with Disabilities Act, the Administrative Code, and/or the Executive Law because it exercised reasonable care to prevent any such behavior and Plaintiff unreasonably failed to take advantage of the corrective opportunities provided by Defendant and to otherwise avoid harm.

## AS AND FOR DEFENDANT'S FOURTY-FOURTH AFFIRMATIVE DEFENSE

133.        Pursuant to Federal Rule of Civil Procedure 38, Defendant requests a jury trial.

## AS AND FOR DEFENDANT'S FORTY-FIFTH AFFIRMATIVE DEFENSE

134.    Defendant reserves the right to assert additional Affirmative Defenses as this matter progresses.

## AS AND FOR A FIRST CROSS-CLAIM FOR CONTRACTUAL INDEMNIFICATION AGAINST CO-DEFENDANT 1420 FOOD LLC d/b/a SUPER FOODTOWN ("CO-DEFENDANT")

135.    Defendant repeats, reiterates, and realleges each and every admission, denial and allegation with respect to the Paragraphs above designated as "1 through 134" with the same force and effect as if set forth at length herein.

136.    Pursuant to a written lease agreement (the "Contract") between Defendant and Co-Defendant, which was in full force and effect at the time of the incident(s) alleged in the Complaint, Co-Defendant is required to defend, indemnify, and hold Defendant harmless against, among other things, Plaintiff's claims set forth in the Complaint.

137.    Defendant has duly performed all terms and conditions of the Contract required by it to be performed.

138.    Because of the breach of the Contract, Defendant has suffered damages, including costs and attorney's fees to defend this action, and such damages continue to accumulate.

139.    If Plaintiff sustained the injuries or damages alleged in the Complaint, they arise from the actions or inactions taken by Co-Defendant, its owners, agents, contractors, servants, and/or employees, and covered by the Contract.

140.    Therefore, any judgment rendered against Defendant in this action is covered by the Contract and, to the maximum extent allowed by law, Defendant is entitled to complete contractual indemnification from, and to have judgment over and against, Co-Defendant for any verdict or judgment which any party hereto may recover against Defendant.

**AS AND FOR A SECOND CROSS-CLAIM FOR COMMON LAW INDEMNIFICATION AND/OR CONTRIBUTION AGAINST CO-DEFENDANT**

141.    Defendant, repeats, reiterates, and realleges each and every admission, denial and allegation with respect to the paragraphs above designated as "1" through "140" with the same force and effect as if set forth at length herein.

142.    If Plaintiff sustained the injuries and/or damages alleged herein in the manner and at the time and place alleged through any carelessness, recklessness, negligence or intentional acts or commissions or omissions other than his own, then said injuries and damages were sustained in whole or in part by reason of the carelessness, recklessness, negligence, or intentional acts or

18

commission or omissions on the part of the Co-Defendant, and if any judgment is recovered herein against Defendant, then Defendant would be damaged thereby and would be entitled to contribution on the basis of apportionment of responsibility for the alleged occurrence and entitled to judgment over and against the Co-Defendant for all or part of any verdict or judgment that Plaintiff may recover against Defendant.

**WHEREFORE**, Defendant respectfully prays for judgment as follows:

a.  Dismissing Complaint in its entirety, with prejudice;

b.  Awarding Defendant the costs and disbursements of this action;

c.  Such other and further relief as this Court deems just, equitable, and proper.

Dated:  Woodbury, New York
        February 21, 2025

                         **KAUFMAN DOLOWICH LLP**
                         Attorneys for Defendant
                         UDC-Commercial Center, Inc.

                         _____
                         Jennifer E. Sherven, Esq.
                         135 Crossways Park Drive, Suite 201
                         Woodbury, New York 11797
                         516-283-8714
                         jsherven@kaufmandolowich.com

To:  All Counsel of Record (Via ECF)